Leonard L. Fmz, J.
In the original return of this motion for summary judgment in lieu of a complaint under CPLB 3213, the answering affidavit addressed itself solely to a jurisdictional defense, which application on said issue was denied by this court. In the, interests of justice, however, leave was granted to the defendant to submit answering affidavits addressed to the merits for the relief being sought. Subsequent to the court’s determination of the jurisdictional issue, but prior to the adjourned date of the motion on its merits, the defendant instituted a Supreme Court action against the plaintiff herein alleging two causes of action: For legal services in the demanded sum of $12,000 and for libel in the demanded sum of $100,000.
In a rather unusual move, the defendant now seeks to raise the allegations set forth in his Supreme Court action as setoffs or counterclaims and is willing to move his “ Supreme Court action to this court; his complaint to be deemed and considered an answer, with defenses and set-off and counterclaims, so that all of the matters between the parties may be resolved.” It is this position which the defendant now urges. And it is this position which this court is constrained to reject.
The defendant, an attorney, cannot utilize his pleadings in the Supreme Court action, which action appears to some degree to have been motivated as a strategic device. If the defendant believed that he had bona fide defenses and/or setoffs to the instant motion, he should have raised them in this action without the necessity of employing the Supreme Court action “ procedure ” during the very pendency of the instant motion. Indeed, he could have asserted as a counterclaim both of the causes of action set forth in the complaint of his Supreme Court action. (See CCA, §§ 905, 907.)
In addition, an attorney must be circumspect with respect to his personal involvement as a litigant and should avoid such a posture unless the failure so to act would deprive him. of a substantial right or demean his profession. Here the defendant instituted an action in the Supreme Court for the total ad damnum of $112,000 — a substantial sum. In juxtaposition, his casual and almost cavalier willingness to transfer that action in the highest trial court of the State to this court, just two weeks after its institution, does not meet with favor, even were this court empowered to grant such relief, which it is not. It is the defendant who placed himself in this untenable position and it is he who must reflect upon the wisdom of his action.
*257 Accordingly, the motion for summary judgment is granted to the extent that partial summary judgment is directed to be entered in the sum of $5,740. The court directs further that there be an assessment of damages with respect to the balance, there appearing to be an issue concerning the specific amounts paid toward the promissory notes signed by the defendant.